HEARD NOVEMBER TERM, 1874.

## McCullough *vs.* Kibler.

A mule is not an advance, within the sense of the Act to secure advances made for agricultural purposes. A lien, therefore, under the Act, to secure the payment of the price of a mule purchased, is void.

Before MOSES, J., at Newberry, April, 1874.

This was an action by John McCullough and William J. Duffie, against Jacob Kibler.

Under the Act to secure advances made for agricultural purposes, one Peter Mendenhall, on the 3d February, 1873, gave to Jacob Kibler, the defendant, a lien on all his crops to be made that year, to secure the payment of " an advancement," as the contract recited, " in fertilizers, moneys and all other supplies, to the value of one hundred dollars." The consideration of the lien was the price of a mule, purchased by Mendenhall from Kibler, " to aid him in making his crop."

In November of the same year Mendenhall assigned and delivered to the plaintiff, McCullough, the cotton he had made that year, with instructions to sell the same, and apply the proceeds to the payment of the following debts, due by Mendenhall: (1) A debt of $100, due to McCullough, himself, for rent; (2) a debt of $70, due to the plaintiff, Duffie, also for rent; and (3) the debt due to the defendant, for the price of the mule.

After the assignment and delivery of the cotton to McCullough, the defendant obtained from the Clerk of the Court a warrant of attachment upon his lien, and on the 5th December the Sheriff, by his direction, seized the cotton in ' McCullough's possession. This action was then commenced to enjoin the defendant from proceeding further under the warrant.

His Honor held that a mule was neither within the terms " fertilizers, moneys and all other supplies," used in the contract, nor was it an advance, within the terms of the Act under which the lien purported to be given, and he decreed for the plaintiffs.

The defendant appealed, on grounds which involved the questions decided by the Circuit Court, and, also, a third ground, that Mendenhall was a necessary party to the action.

*Moorman & Schumpert,* for appellant, cited and commented upon the Act, Gen. Stat., § 55, p. 511.

*Baxter & Johnstone,* contra.

The opinion of the Court was delivered by

WRIGHT, A. J.   The statute of 1866, which allows a preferred lien to any person or persons making an advance or advances, either in money or other supplies, to any person or persons engaged, or about to engage, in the cultivation of the soil, is as follows: "If any person or persons shall make any advance or advances to any person or persons who are engaged, or are about to be engaged, in the cultivation of the soil, the person or persons so making such advance or advances shall be entitled to a lien on the crop which may be made during the year upon the land in the cultivation of which the advances so made have been expended, in preference of all other liens, existing or otherwise, to the extent of such advance or advances."—Gen. Stat., § 55, p. 557.

One important object of this statute is to enable those who "are engaged, or about to engage, in the cultivation of the soil," to get, upon credit, the necessary supplies to be expended in producing their crops, and, at the same time, enable the person or persons advancing money or other supplies to secure him or themselves in the payment of the thing or things advanced which were expended upon the land in producing the crop, and upon which thing or things a mortgage would be no security.

It is shown that neither money nor any thing else was advanced by the appellant to Peter Mendenhall, therefore Mendenhall was only indebted to appellant for a mule.

In no wise can a mule be considered an "advance," to be "expended" upon the soil which produces the crop.   The labor of a mule might very properly be considered a necessary supply for the production of a crop, but a mule, instead of being worn-out and rendered useless in producing a crop, may be in much better condition and more valuable after the crop is made than before.

The so-called lien on the crop of Peter Mendenhall, held by the appellant, is void.

The question raised by the third ground of appeal is not necessary to a full and proper decision of this case.

The motion must be dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.